INTER-AMERICAN ORANGE CRUSH CO., Plaintiff and Petitioner, *v.* SECRETARY OF THE TREASURY, Defendant and Respondent.

No. 11487. Submitted June 11, 1956.—Decided April 30, 1959.

*Manuel García Cabrera* and *Luis F. Cuyar* for petitioner. *Hiram R. Cancio, Secretary of Justice (José Trías Monge, former Secretary of Justice,* and *Arnaldo P. Cabrera, Assistant Attorney General,* on the brief) and *J. C. Santiago Matos, Assistant Attorney General,* for respondent.

PER CURIAM: This case raises on its merits the same questions of fact and of law involved in case No. 11,609, *Inter-American Orange Crush Co.* v. *Secretary of the Treasury,* on income-tax deficiencies for the years 1947, 1948 and 1949. However, here the Secretary raised a "jurisdictional

question" which is not involved in the other case on deficiencies for the years 1947–1949.

This last question boils down to the following: The plaintiff corporation commenced to do business in Puerto Rico early in 1946. On March 11, 1947, it requested an extension of time to file its return for the year 1946. The Secretary of the Treasury granted the extension on condition that it file, on or before March 24, 1947, a provisional return and pay one-half of the estimated tax. Plaintiff filed a provisional return including in its gross income *everything* it had received from its licensees in Argentina, Venezuela, and Cuba. It paid simultaneously one-half of the tax so estimated. Shortly thereafter, the plaintiff filed a final return for the year 1946, on this same basis. However, in the middle of 1947, it realized that it had committed an error in declaring as gross income the amounts received as "royalties" from its licensees in Argentina, Venezuela, and Cuba. Therefore, plaintiff filed on August 11, 1947 an amended return for 1946, excluding the "royalties" in question from its gross income, and made a new computation for 1946. According to this return, the corporation had already overpaid the sum of $4,816.74 for 1946, on the basis of the amount previously paid as "one-half of the estimated tax." Thereupon, Inter-American Orange Crush Co. asked for the refund of that amount, and also requested the Secretary of the Treasury to render ineffective the receipt covering the second instalment of the tax for the year 1946, under the original return.

On February 15, 1950, the Secretary of the Treasury denied the refund applied for by plaintiff on August 11, 1947. Within 30 days after the date of notice of the denial of the refund, the taxpayer filed a complaint in the Superior Court requesting the refund thereof. The Secretary of the Treasury challenged the jurisdiction of the court. He alleged that plaintiff was bound to pay *in its entirety* the income tax levied for 1946, as determined in the original return, before

applying for any refund of overpayment for the year 1946. The Superior Court dismissed the question of jurisdiction thus raised. It held that (1) the provisions of Act No. 232 of May 10, 1949, relative to taxes unduly paid or collected, were applicable to the case (13 L.P.R.A. §§ 261–90); (2) the plaintiff had applied to the Secretary of the Treasury for refund of $4,816.74 before the expiration of four years as of the date the tax was paid; (3) the plaintiff alleged and proved having suffered the burden of the tax involved in the refund; (4) the Secretary of the Treasury denied the said application for refund by administrative ruling of February 15, 1950; and, lastly, (5) before the expiration of the 30 days fixed by law for resorting to the Superior Court, counted as of the date of notice of the refusal, the plaintiff filed its petition for refund in the San Juan Part of the Superior Court.

The trial court, however, decided the case on the merits against plaintiff, and the present petition for review was duly filed in this Court. The Secretary of the Treasury reiterates his contention that the Superior Court was without jurisdiction in this refund case.

In view of the doctrine laid down in *Anglade* v. *Secretary of the Treasury*, 79 P.R.R. 785 (1957), and of the provisions of Act No. 232 of 1949 (13 L.P.R.A. §§ 261–90), it is obvious that plaintiff was not bound to pay the total amount of the tax for the year 1946 before applying for refund of that portion which, in its opinion, it had already paid in excess of the amount due. We, therefore, hold that the trial court had jurisdiction to pass upon all the questions raised in the petition for refund filed in this case on March 14, 1950.

Regarding the merits of the claim for refund, for the reasons stated in the opinion rendered in case No. 11,609, *Inter-American Orange Crush Co.* v. *Secretary of the Treasury*, *ante*, p. 286, the judgment on review will be reversed and another entered instead sustaining the complaint in this case.